**NOVA GULF CORP., Appellant,**

v.

**FIDINAM RESOURCES, INC., and Montex Exploration Co., Appellees.**

No. C14–91–00390–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 27, 1991.

Rehearing Denied Jan. 23, 1992.

---

**3.** We do have a statement of facts from the hearing on the default judgment.

**730**

Greg Frazer, Austin, for appellant.

J. Douglas Sutter, Houston, for appellees.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

This is an appeal from a judgment in favor of Fidinam Resources, Inc., and Montex Exploration Co., in a suit to recover on a promissory note, and from a negative jury finding on appellant's counterclaim. Appellees were awarded $185,516.70 in actual damages plus costs and attorney fees. A stay in the proceeding on appeal was granted to defendant De Wayne Pitt, Nova Gulf Corporation's appeal was severed and Nova Gulf is the only appellant in this proceeding. We affirm.

In seven points of error appellant complains that the trial court erred by denying a motion to file a trial amendment, failing to grant a motion for new trial, and by submitting a jury question.

■ In points of error one through three, appellant asserts that the trial court erred by denying his motion to file a trial amendment to plead an affirmative defense of the statute of limitations. Appellees

First Amended Original Petition alleged that the matter in controversy was a suit on a note and guaranty. The pleadings set out the date of the promissory note and the guaranty as October 20, 1981. Plaintiff's Original Petition was filed October 15, 1987. On its face, appellees' pleading would indicate that its cause of action is barred by the four year statute of limitations. However, appellant's answers did not raise the defense of statute of limitations. At trial, appellees introduced evidence of several letters executed by appellant and by Pitt which extended the due date on the note and guaranty to September 30, 1984. Therefore, based upon the evidence, appellees' cause of action was not barred by the statute of limitations and was indeed extended to September 30, 1988. Appellee made no request for a trial amendment and none was given. Rule 67, Texas Rules of Civil Procedure, reads as follows:

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. In such case, such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made by leave of court upon motion of any party at any time up to the submission of the case to the court or jury, but failure so to amend shall not affect the result of the trial of these issues ...

■ Appellant does not attack the lack of pleading on the part of appellee, but instead attacks the trial court's denial of appellant's Motion for Trial Amendment to include the defense of statute of limitations. In support of this position appellant misapplies Texas Rules of Civil Procedure Rule 66. While Rule 66 provides for trial amendments, a careful reading of the rule would show that the rule provides for amending pleadings to conform with evidence when the evidence is objected to at trial. Appellant offered no evidence to support the amended pleading. Further, the rule provides that the trial court should allow amended pleadings when "the merits of the action will be subserved there-

by...." Appellant contends that the trial court abused its discretion by denying leave to amend because the request was not objected to by appellee. We hold that an objection is not required when the evidence does not support the requested trial amendment. The only evidence in the record is that the parties all agreed in writing and extended the due date under the promissory note and the guaranty to a date that was well within the statute of limitations. Therefore, we find the merits of this case would not be subserved by allowing the trial amendment. The proper standard of review for the denial of a trial amendment is abuse of discretion. *See Amsav Group, Inc. et al. v. American Savings and Loan Ass'n of Brazoria County,* 796 S.W.2d 482, 490 (Tex.App.— Houston [14th Dist.] 1990, writ denied). We find no abuse of discretion. Appellant's first three points of error are overruled.

In points of error four through seven, appellant asserts that the trial court erred in denying its motion for new trial and submitting jury question number one. The jury was asked whether appellant had requested an advance on the line of credit from appellee. The jury responded "no". Appellant contends that a request for an advance on the line of credit had been established as a matter of law, and that it was error to submit to the jury as a question of fact.

██ Question one was submitted to the jury only in connection with appellant's counterclaim. Appellant alleged in the counterclaim that the appellees had failed to comply with their agreement to advance monies pursuant to the letter of credit and that all conditions precedent had been performed. Appellee's answer to the counterclaim was a basic general denial. Appellant relies on Rule 54, Texas Rules of Civil Procedure, for the proposition that he does not have to prove any condition precedent that is not specifically denied by the opposing party. However, nothing in the pleadings or in the evidence establishes that a request for the money is a condition precedent. The only testimony included in the

record from the trial court is that of Glenn Ryan, on behalf of Fidinam. Ryan testified that no request was ever made for additional advance and that if a request had been made he would have made the advance. He further testified that in discussions with Pitt regarding additional advancements, Pitt acknowledged his inability to pay the debt as it existed and stated that he could not borrow any more money because he could not pay it back. When Ryan was asked whether such a request for advance had been made, appellant objected stating: "I'm going to object to that testimony on the grounds of Rule 454, the Texas Rules of Civil Procedure precludes the introduction of that sort of evidence." Because there is no Rule 454, the trial court properly overruled the objection. However, even faced with a proper objection, we believe the trial court should properly have overruled any objection on the grounds that the question and answer were pertinent and material to appellant's counterclaim and to the subsequent jury question. The record is totally silent as to proof of any of the allegations in appellant's counterclaim, and there is no evidence in the record of any damages alleged to have resulted from the acts complained of in appellant's counterclaim. Where appellant chooses to file a partial statement of facts, there is a presumption that nothing which has been omitted from the record is relevant to any of the points of error designated on appeal. TEX.R.APP.P. 53(d). Even if the trial court had found that appellant had proved that a request for advance on the line of credit had been established as a matter of law, there are no damages shown to be flowing from that event. In the absence of damages, there is no harm. *See Hensley v. Lubbock Nat'l. Bank et. al,* 561 S.W.2d 885, 892 (Tex.Civ. App.—Amarillo 1978, no writ). Points of error four through seven are overruled.

We affirm the judgment of the trial court.